# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

March 16, 2022

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2022

<u>VIA EMAIL</u>

Hon. Barbara C. Moses
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Kaplan v. Dotdash Meredith Corporation et al.*,
      <u>Case No.: 1:21-cv-10950-ALC-BCM</u>

Dear Judge Moses:

We represent Plaintiff Brittany Kaplan and write jointly with Defendants. Pursuant to Your Honor's Order, Dkt. No. 15, the parties recently engaged in their Fed. R. Civ. Pro. 26(f) conference. Prior to the conference, defense counsel notified us that Defendants are contesting diversity jurisdiction. Specifically, Plaintiff alleges that Defendants are headquartered in Des Moines, Iowa, and Defendants claim that they are headquartered in New York, New York. If the latter is true, diversity jurisdiction would be defeated. That said, Plaintiff has filed administrative charges with the Equal Employment Opportunity Commission and expects to receive her "Right to Sue" notice in the coming weeks. Once we receive the Right to Sue, we intend on amending the complaint to add claims under Title VII, which will give the Court federal question jurisdiction over this matter. Accordingly, rather than litigate the issue of diversity jurisdiction, the parties respectfully request that the Court stay all proceedings in this action and reschedule the initial conference (currently scheduled for April 12, 2022) to 30 days following the date Defendants file their response to Plaintiff's amended complaint in order to allow the parties sufficient time to meet and confer and file a pre-conference statement prior to the rescheduled conference.

In addition, the parties have been referred to automatic mediation pursuant to the Court's standing order. While the parties will always make good faith efforts to resolve this matter, we did attempt to resolve the matter immediately prior to the filing of this action. The parties were quite far apart as far as resolution is concerned and believe that a mediation would not be fruitful at this time. Accordingly, we respectfully request that the Court exempt the parties from the automatic mediation process so that the parties can engage in at least some discovery prior to mediation.



Hon. Barbara C. Moses
March 16, 2022
Page 2

We thank your Honor for the Court's time and consideration of this matter.

Respectfully,

Michael J. Willemin

The Court notes that the website of defendant Dotdash Meredith states that its headquarters are in New York City. The Court further notes that if it lacks subject matter jurisdiction, it lacks the power to take any action other than to dismiss the case. *See Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) (absent subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact" and dismissing the case); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The parties may not waive the issue, even temporarily. *Arbaugh*, 546 U.S. at 514; *see also* O*neida Indian Nation v. Phillips*, 981 F.3d 157, 170 (2d Cir. 2020) ("Lack of subject matter jurisdiction . . . may not be waived or forfeited."), *cert. denied*, 141 S. Ct. 2878 (2021). A dismissal for lack of subject matter jurisdiction, however, "must be without prejudice." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016).

Consequently, the parties' letter-application is DENIED insofar as they request a stay of this action. In their pre-conference statement, due on **April 5, 2022,** in advance of the initial conference scheduled for **April 12, 2022**, the parties should propose a schedule for briefing the diversity jurisdiction question.

The letter-application is GRANTED to the extent that the mediation reference is WITHDRAWN. SO ORDERED.

Barbara Moses
United States Magistrate Judge
March 17, 2022